IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALASKA

KIRIL ZAHARY BASARGIN,

    Plaintiff,

v.

CITY OF HOMER, ALASKA; OFFICER MORGAN TRACY, individually and in his official capacity; OFFICER FORREST [LAST NAME UNKNOWN], individually and in his official capacity; HOMER POLICE DEPARTMENT; and DOES 1 through 10, inclusive,

    Defendants.

Case No: 3:25-CV-00068-SLG

COMPLAINT


RECEIVED
APR 04 2025
CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

### INTRODUCTION

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 seeking damages against the City of Homer, the Homer Police Department, Officer Morgan Tracy, Officer Forrest, and other individual officers for violations of Plaintiff Kiril Zahary Basargin's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

2. This case arises from the unlawful and excessive use of force during a traffic stop in Homer, Alaska on January 7, 2024, at approximately 2:00 a.m., when Defendant officers used excessive and unnecessary force against Plaintiff by smashing his truck window, forcibly removing him from his vehicle, and assaulting him, causing serious and permanent injuries, including a shattered left wrist requiring surgical insertion of a plate, head trauma, and lacerations requiring stitches.

3. Further, Defendants deliberately denied Plaintiff necessary medical care while in custody, showing deliberate indifference to his serious medical needs despite his repeated requests for medical attention.

4. Plaintiff brings this action to recover compensatory and punitive damages for the physical injuries, emotional distress, pain and suffering, and economic losses he has suffered and will continue to suffer as a direct result of Defendants' unconstitutional conduct.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), as this action is brought under 42 U.S.C. § 1983 to redress the deprivation of rights secured by the Constitution of the United States.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), as these claims form part of the same case or controversy.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the events giving rise to Plaintiff's claims occurred within the District of Alaska, and because Defendants reside in this district.

## PARTIES

8. Plaintiff KIRIL ZAHARY BASARGIN ("Plaintiff" or "Mr. Basargin") is and was at all times relevant to this action a resident of Homer, Alaska. Mr. Basargin is a commercial fisherman who, prior to the incident described herein, earned approximately $150,000 to $250,000 annually from his fishing business.

9. Defendant CITY OF HOMER ("City") is a municipal corporation organized under the laws of the State of Alaska. The City operates, manages, and controls the Homer Police Department and is responsible for the policies, procedures, and practices implemented by the Homer Police Department and its employees.

10. Defendant HOMER POLICE DEPARTMENT ("HPD") is a department of the City of Homer and is responsible for providing law enforcement services within the City of Homer.

11. Defendant OFFICER MORGAN TRACY ("Officer Tracy") was at all times relevant to this action a police officer employed by the Homer Police Department and acting under color of state law. He is sued in both his individual and official capacities.

12. Defendant OFFICER FORREST [LAST NAME UNKNOWN] ("Officer Forrest") was at all times relevant to this action a police officer employed by the Homer Police Department and acting under color of state law. He is sued in both his individual and official capacities.

13. DOES 1 through 10 are unidentified police officers or other officials of the Homer Police Department who were involved in the events described herein, either through direct participation, supervision, or failure to intervene, and who were acting under color of state law. Once the identities of these defendants are ascertained, Plaintiff will seek leave to amend this complaint to name them as defendants.

14. At all times relevant to this action, all individual Defendants were acting under color of state law in their capacity as law enforcement officers and their acts and omissions were conducted within the scope of their employment and authority.

15. At all times relevant to this action, all individual Defendants were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

## FACTUAL ALLEGATIONS

**The Traffic Stop and Excessive Force**

16. On January 7, 2024, at approximately 2:00 a.m., Plaintiff was driving his 2021 GMC Sierra (Alaska license plate: 1TS220) in Homer, Alaska, when he was stopped by Officer Tracy of the Homer Police Department for an alleged traffic violation.

17. When Officer Tracy approached Plaintiff's vehicle, Plaintiff provided his identification as requested through his partially opened window. Plaintiff kept his window partially open (approximately 3-4 inches) due to safety concerns.

18. Rather than proceeding with the traffic stop in a professional manner, Officer Tracy became agitated and began yelling and screaming at Plaintiff.

19. Plaintiff, concerned by Officer Tracy's escalating behavior, calmly asked Officer Tracy to call for a supervisor. Officer Tracy refused this reasonable request.

20. Plaintiff then requested that Officer Tracy contact a state trooper, to which Officer Tracy initially agreed. However, Officer Tracy's behavior continued to escalate, and he became increasingly agitated.

21. Instead of de-escalating the situation or waiting for a supervisor or state trooper to arrive, Officer Tracy attempted to break the window of Plaintiff's truck with his bare hands, trying to forcibly remove Plaintiff from the vehicle.

22. Plaintiff, who remained calm throughout the encounter, became fearful for his safety as Officer Tracy's behavior became increasingly aggressive.

23. Without any legal justification, Officer Tracy then used a glass-breaker tool to smash the driver's side window of Plaintiff's truck and, along with Officer Forrest, used excessive force to remove Plaintiff from the vehicle.

24. Officers Tracy and Forrest forcibly pulled Plaintiff out of the vehicle and physically assaulted him, causing him to sustain severe injuries, including: a. A shattered left wrist requiring surgery and installation of a plate; b. Head trauma resulting in hospitalization and ongoing medical issues; c. Lacerations requiring stitches.

25. Despite the fact that Plaintiff did not resist arrest or pose any threat to the officers, Defendants used excessive and unreasonable force against him, violating his Fourth Amendment right to be free from unreasonable seizures.

26. After assaulting Plaintiff, Officer Tracy and/or other officers turned off Plaintiff's phone, destroying potential evidence of the incident. However, the Plaintiff somehow managed to get a partial video recording of the incident which will be submitted before this Honorable Court as evidence.

## Deliberate Indifference to Serious Medical Needs

27. Following the assault, Plaintiff was bleeding excessively and was in extreme pain from his injuries.

28. Rather than immediately providing or obtaining necessary medical attention for Plaintiff's obvious and serious injuries, Defendants transported Plaintiff to jail.

29. While in custody, Plaintiff repeatedly requested medical attention for his injuries on both January 7, 2024, and January 8, 2024, but the officers either ignored or laughed at his requests.

30. Although Plaintiff was eventually taken to South Peninsula Hospital on January 7, 2024, the medical assessment was inadequate and primarily focused on a small cut on one of his fingers on his right hand, while his more serious injuries, including his shattered left wrist and head trauma, were not properly addressed.

31. Upon his return to the jail, Plaintiff continued to request medical attention due to his severe pain and obvious injuries, but his requests were denied, with officers laughing at him and dismissing his complaints.

32. It was not until Plaintiff was released from jail that he was able to seek proper medical attention, at which point he underwent surgery on his left wrist and had brain scans to assess the extent of his head trauma.

33. Defendants' deliberate indifference to Plaintiff's serious medical needs violated his Fourteenth Amendment rights.

## Pattern of Police Misconduct

34. Upon information and belief, the Homer Police Department has a history of engaging in excessive force and other forms of misconduct against civilians.

35. Upon information and belief, the City of Homer and the Homer Police Department have failed to properly train, supervise, and discipline their officers with respect to the use of force and medical care for detainees.

36. Upon information and belief, the City of Homer and the Homer Police Department have policies, practices, or customs that tolerate and permit the use of excessive force and deliberate indifference to the medical needs of arrestees and detainees.

## Injuries and Damages

37. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered the following injuries and damages:

38. Physical injuries including: a. A shattered left wrist requiring surgery and installation of a plate; b. Head trauma resulting in hospitalization and ongoing medical issues; c. Lacerations requiring stitches.

39. Ongoing medical conditions including: a. Chronic pain in his left wrist and hand, rated 9-10 on a scale where his pre-injury pain level was minimal (1-3); b. Neurological symptoms including excruciating buzzing in his head; c. Fainting spells; d. Memory loss and concentration difficulties; e. Sleep disturbances; f. Blurred vision.

40. Emotional and psychological injuries including: a. Anxiety; b. Depression; c. Post-traumatic stress; d. Fear of police (trembling when seeing them); e. Social withdrawal; f. Flashbacks to the traumatic event.

41. Economic damages including: a. Medical expenses of approximately $80,000; b. Loss of income (approximately 10 months of fishing in 2024); c. Permanent reduction in earning capacity (estimated at $100,000 annually); d. Costs of medications, transportation to medical appointments, and hired help for tasks Plaintiff can no longer perform; e. Property damage (broken truck window).

42. Non-economic damages including: a. Past and future physical pain and suffering; b. Mental and emotional distress; c. Loss of enjoyment of life; d. Limitations on daily activities; e. Inability to perform recreational activities he previously enjoyed (snow machining, snowboarding, swimming, trapping, hunting); f. Inability to engage in activities with his grandchildren as before.

43. As a result of his injuries, Plaintiff: a. Can no longer perform essential aspects of his commercial fishing business, including navigating, concentrating, calculating, catching fish, baiting or setting gear, washing fish holds, performing maintenance on his vessel, and lifting heavy objects; b. Needs assistance with personal care, household chores, and transportation; c. Cannot drive due to left-hand pain and vision issues; d. Is unable to sleep properly and experiences cognitive difficulties that affect his daily functioning; e. Has difficulty communicating effectively due to cognitive impairments affecting his ability to concentrate when speaking different languages (Russian, English, Slavic).

44. Plaintiff's physicians have informed him that his injuries will cause permanent limitations, and he does not expect to return to his previous occupational capacity.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

### Excessive Force in Violation of the Fourth Amendment

### (42 U.S.C. § 1983)

### (Against Officer Tracy, Officer Forrest, and DOES 1-10)

45. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 44 as though fully set forth herein.

46. The Fourth Amendment to the United States Constitution protects citizens from unreasonable seizures, including the right to be free from excessive force by law enforcement officers.

47. At all times relevant hereto, Defendants Officer Tracy, Officer Forrest, and DOES 1-10 were acting under color of state law as officers of the Homer Police Department.

48. Defendants Officer Tracy, Officer Forrest, and DOES 1-10 used excessive and unreasonable force against Plaintiff by: a. Breaking the window of Plaintiff's vehicle without justification; b. Forcibly removing Plaintiff from the vehicle; c. Physically assaulting Plaintiff, causing severe injuries including a shattered left wrist, head trauma, and lacerations.

49. At the time of the incident, Plaintiff was not posing any immediate threat to the safety of the officers or others, was not actively resisting arrest, and was not attempting to evade arrest by flight.

50. The force used by Defendants Officer Tracy, Officer Forrest, and DOES 1-10 was objectively unreasonable in light of the facts and circumstances confronting them and violated Plaintiff's Fourth Amendment rights.

51. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer significant physical injuries, emotional distress, pain and suffering, and economic losses as set forth above.

52. The acts of Defendants Officer Tracy, Officer Forrest, and DOES 1-10 were willful, wanton, malicious, and oppressive, and done with reckless disregard for Plaintiff's constitutional rights, thus entitling Plaintiff to an award of punitive damages against the individual Defendants.

## SECOND CAUSE OF ACTION

### Deliberate Indifference to Serious Medical Needs

### (42 U.S.C. § 1983)

### (Against Officer Tracy, Officer Forrest, and DOES 1-10)

53. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 52 as though fully set forth herein.

54. The Fourteenth Amendment to the United States Constitution protects pretrial detainees from deliberate indifference to their serious medical needs.

55. At all times relevant hereto, Defendants Officer Tracy, Officer Forrest, and DOES 1-10 were acting under color of state law as officers of the Homer Police Department.

56. Plaintiff had objectively serious medical needs following his arrest, including: a. A shattered left wrist; b. Head trauma; c. Lacerations and excessive bleeding.

57. Defendants Officer Tracy, Officer Forrest, and DOES 1-10 knew of and disregarded an excessive risk to Plaintiff's health and safety by: a. Failing to provide immediate medical attention for Plaintiff's obvious injuries; b. Taking Plaintiff to jail rather than directly to a hospital; c. Denying Plaintiff's requests for medical attention while in custody; d. Laughing at Plaintiff when he requested medical care; e. Failing to ensure that Plaintiff received a complete medical assessment and appropriate treatment for all of his injuries when he was taken to the hospital.

58. Defendants' conduct in disregarding Plaintiff's serious medical needs was objectively unreasonable under the circumstances and constitutes deliberate indifference in violation of the Fourteenth Amendment.

59. As a direct and proximate result of Defendants' actions, Plaintiff's injuries were exacerbated, and he suffered prolonged and unnecessary pain and suffering.

60. The acts of Defendants Officer Tracy, Officer Forrest, and DOES 1-10 were willful, wanton, malicious, and oppressive, and done with reckless disregard for Plaintiff's constitutional rights, thus entitling Plaintiff to an award of punitive damages against the individual Defendants.

## THIRD CAUSE OF ACTION

### Municipal Liability - Unconstitutional Custom, Policy, or Practice

### (42 U.S.C. § 1983)

### (Against City of Homer and Homer Police Department)

61. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 60 as though fully set forth herein.

62. At all times relevant hereto, Defendants City of Homer and Homer Police Department were responsible for establishing policies, procedures, customs, and practices for the Homer Police Department.

63. Upon information and belief, Defendants City of Homer and Homer Police Department developed and maintained policies, procedures, customs, and practices exhibiting deliberate indifference to the constitutional rights of citizens, which were the moving force behind and direct and proximate cause of the violations of Plaintiff's constitutional rights.

64. These policies, procedures, customs, and practices include, but are not limited to: a. Using excessive force during routine traffic stops; b. Failing to de-escalate situations and instead using aggressive tactics that escalate encounters with citizens; c. Failing to provide necessary medical attention to arrestees and detainees; d. Failing to properly document and investigate use of force incidents; e. Failing to properly discipline officers who engage in misconduct.

65. Upon information and belief, Defendants City of Homer and Homer Police Department have a history of assaulting and battering civilians, exhibiting a pattern of police misconduct.

66. The actions of Defendants Officer Tracy, Officer Forrest, and DOES 1-10 were done pursuant to the above-described de facto policies, practices, and customs of Defendants City of Homer and Homer Police Department.

67. As a direct and proximate result of the actions of Defendants City of Homer and Homer Police Department, Plaintiff suffered violations of his constitutional rights and the injuries and damages described above.

## FOURTH CAUSE OF ACTION

### Municipal Liability - Failure to Train and Supervise

### (42 U.S.C. § 1983)

### (Against City of Homer and Homer Police Department)

68. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 67 as though fully set forth herein.

69. At all times relevant hereto, Defendants City of Homer and Homer Police Department were responsible for training and supervising the officers of the Homer Police Department.

70. Upon information and belief, Defendants City of Homer and Homer Police Department failed to adequately train and supervise their officers, including Defendants Officer Tracy, Officer Forrest, and DOES 1-10, with respect to: a. The proper use of force during traffic stops; b. De-escalation techniques; c. The constitutional rights of citizens during traffic stops and arrests; d. The provision of necessary medical care to arrestees and detainees; e. The handling of individuals who request supervisory presence during encounters.

71. The failure of Defendants City of Homer and Homer Police Department to provide adequate training and supervision was a result of deliberate indifference to the rights of citizens with whom the police come into contact.

72. The failure of Defendants City of Homer and Homer Police Department to adequately train and supervise their officers was the moving force behind and direct and proximate cause of the violations of Plaintiff's constitutional rights.

73. As a direct and proximate result of the actions of Defendants City of Homer and Homer Police Department, Plaintiff suffered violations of his constitutional rights and the injuries and damages described above.

## FIFTH CAUSE OF ACTION

### Assault and Battery

### (State Law Claim)

### (Against Officer Tracy, Officer Forrest, and DOES 1-10)

74. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 73 as though fully set forth herein.

75. Defendants Officer Tracy, Officer Forrest, and DOES 1-10, while working as police officers for the Homer Police Department, and acting within the course and scope of their duties, intentionally broke Plaintiff's truck window and physically assaulted Plaintiff.

76. Defendants' conduct was unreasonable and exceeded the scope of force permitted to police officers under Alaska law.

77. As a direct and proximate result of Defendants' conduct, Plaintiff sustained severe injuries and damages as set forth above.

78. Defendants' conduct was willful, wanton, malicious, and oppressive, and done with reckless disregard for Plaintiff's rights, thus entitling Plaintiff to an award of punitive damages.

## SIXTH CAUSE OF ACTION

### Negligence

### (State Law Claim)

### (Against All Defendants)

79. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 78 as though fully set forth herein.

80. Defendants owed Plaintiff a duty of reasonable care.

81. Defendants breached that duty by: a. Using excessive force against Plaintiff; b. Failing to de-escalate the situation; c. Failing to wait for a supervisor or state trooper as requested by Plaintiff; d. Failing to provide proper medical care to Plaintiff; e. Failing to properly train and supervise police officers.

82. As a direct and proximate result of Defendants' breach of their duty of care, Plaintiff sustained severe injuries and damages as set forth above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kiril Zahary Basargin prays for judgment against Defendants as follows:

1. For compensatory damages in an amount to be proven at trial, including:

    a. Past and future medical expenses;

    b. Past and future loss of earnings and earning capacity;

    c. Past and future pain and suffering;

    d. Emotional distress;

    e. Loss of enjoyment of life; f. Property damage.

2. For punitive damages against the individual defendants in an amount to be proven at trial;

3. For costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and other applicable law;

4. For pre-judgment and post-judgment interest as permitted by law; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: March __27th.__ 2025

                                                      *Kiril-Zahary Basargin ©LS*

                                                      Kiril Zahary Basargin

                                                      Plaintiff Pro-se